# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

v

MATTHEW RICHARD SEAR,

   Defendant-Appellant.

UNPUBLISHED
March 3, 2016

No. 324198
Macomb Circuit Court
LC No. 2014-001655-FH

Before: GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of resisting or obstructing a police officer, MCL 750.81d(1), and disturbing the peace, MCL 750.170. We reverse his conviction for resisting and obstructing a police officer and remand for a new trial on that charge. Consistent with the prosecution's position, we vacate the disturbing the peace conviction.

Defendant was loudly playing his bass guitar at his home and the police received complaints from neighbors. An officer went to defendant's apartment and knocked on the door. According to the officer, defendant refused to keep the volume of his music at a reasonable level, and he poked the officer in the chest while telling him to leave. At that point, the officer placed defendant under arrest and defendant struggled. According to defendant, after he opened his door, the officer unlawfully entered his apartment and attacked him. Defendant asserted that he was charged with resisting or obstructing to conceal the officer's unlawful actions.

Defendant first argues that he is entitled to a new trial on the resisting or obstructing a police officer charge because the jury was not properly instructed on all the elements of resisting or obstructing a police officer. A criminal defendant is entitled to have all the elements of the crime submitted to the jury because he or she "has a constitutional right to have a jury determine his or her guilt from its consideration of every essential element of the charged offense." *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011). To support a conviction for resisting or obstructing a police officer pursuant to MCL 750.81d(1), the prosecutor must demonstrate that (1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer

-1-

performing his or her duties, and (3) that the officer's actions were lawful. *People v Quinn*, 305 Mich App 484, 491; 853 NW2d 383 (2014) (quotation omitted); *People v Vandenberg*, 307 Mich App 57, 68; 859 NW2d 229 (2014). See also *People v Moreno*, 491 Mich 38, 51-52; 814 NW2d 624 (2012) (holding that in a prosecution under MCL 750.81d(1) "the prosecution must establish that the officers' actions were lawful").

In this case, the jury was not instructed on the third element, i.e., whether the police officer's actions were lawful. Instead, the jury was instructed on the first two elements and, after the jury sent a note inquiring as to the lawfulness of the entry, the jury was instructed that it was not to consider the lawfulness of the entry.[1] Accordingly, we reverse and remand for a new trial because defendant was entitled to "a properly instructed jury," *People v Mills*, 450 Mich 61, 80-81; 537 NW2d 909 (1995), mod on other grounds 450 Mich 1212 (1995), and because the jury in this case was not properly instructed on all three elements of resisting and obstructing a police officer, *Quinn*, 305 Mich App at 494-495 (reversing and remanding the defendant's conviction for resisting or obstructing a police officer because the jury was not instructed on all three elements of the crime).[2]

Defendant further requests that we vacate his conviction for resisting and obstructing rather than remanding for a new trial, asserting that there was insufficient evidence from which a jury could have concluded that the police officer's actions were lawful.[3] "For an arrest to be

---

[1] The actual supplemental instruction was apparently provided to the jury off the record; however, after the jury reached a verdict but before the verdict was read, the court placed the following exchange on the record:

> *The court*: The record will reflect all parties are present as is the defendant. The Court is advised that we have a verdict. *There was a note that was provided to the Court as to whether the entry was lawful or not. In that that was not decided by the Court, it is not a factual question, it is a legal question and the jury is not to make legal determinations.*
>
> *Defense counsel has objected to the Court indicating that that is not for their consideration*, and that I believe is the extent of it. Counsel, is that your position?
>
> *Defense counsel*: Yes, your Honor, I would object that it—as far as whether or not he was in the performance of his duty—if he was in there illegally, he would not be in the performance of his duties. [Emphasis added.]

[2] We reject the prosecution's argument that *Quinn* was wrongly decided as we agree with the analysis and holding of that case.

[3] Challenges to the sufficiency of the evidence are reviewed de novo. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). When ascertaining whether sufficient evidence was presented at trial to support a conviction, we view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of

lawful, the police officer making the arrest must have probable cause, either that a felony or misdemeanor was committed by the individual in the officer's presence, or that a felony or specified misdemeanor (i.e., a misdemeanor punishable by imprisonment for more than 92 days) occurred outside the officer's presence and that the individual in question committed the offense." *Vandenberg*, 307 Mich App at 69. Here, the officer testified that he was standing outside defendant's apartment and defendant stepped forward and poked him in the chest. Additionally, defendant's neighbor testified that the officer was calm, but that defendant was yelling profanities and derogatory names and that it was defendant who initiated the altercation. From this testimony, a rational jury could infer that the officer had reasonable cause to believe that defendant committed a crime, i.e., assault on the officer. Accordingly, we reject the defendant's claim of insufficient evidence.

Defendant also argues that there was insufficient evidence to support his conviction for disturbing the peace. At oral argument, the prosecutor conceded that defendant's disturbing the peace conviction was supported by insufficient evidence. Accordingly, we vacate that conviction. *People v Mitchell*, 301 Mich App 282, 294; 835 NW2d 615 (2013).[4]

We reverse and remand for a new trial on the charge of resisting or obstructing a police officer, and we vacate defendant's conviction for disturbing the peace. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Douglas B. Shapiro

---

the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012).

[4] Given our resolution of the issues, we need not address defendant's argument that the trial court erred in refusing to appoint substitute counsel.